UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Phillip H. Crocker, III, # 298423, | ) | C/A No. 4:04-2153-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Willie Frederick Jennings, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Phillip H. Crocker, III, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. The plaintiff alleges that defendant Willie Frederick Jennings "lied, perjured, misrepresented . . . given false, misleading, conflicting, and contradicting statements involving the plaintiff." (Complaint, p. 3.)[1]

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("the Report") on August 17, 2004, in which he recommended that the case be dismissed without prejudice and without issuance and service of process. Plaintiff timely filed objections to the Report on September 2, 2004.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo*

---

[1] The plaintiff has filed two other cases with virtually identical allegations against two other defendants. *See* C/A No. 4:04-2152 and C/A No. 4:04-2154. This Court may take judicial notice of its own files and records. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff alleges in his objections that the Magistrate Judge erred in recommending that this case be dismissed. He states:

> The Plaintiff contends that the law codes, case numbers and opinions quoted by the Magistrate Judge in his Report and Recommendation are simply misleading, obsolete, out dated, inapplicable, and irrelevant where they have been used based on assumptions and 'word play' by the Magistrate Judge as a way of preventing the Plaintiff from having his case processed and ruled upon by a jury in this court system.

(Objections p. 1.)

## Discussion

Plaintiff appears to be alleging claims for libel and slander as well as a civil rights action under 28 U.S.C. § 1983. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The Magistrate Judge recommended dismissal or plaintiff's complaint on several grounds. First, he found that the complaint should be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994). The plaintiff objects to this recommendation on the basis that he is not challenging and makes no claim or mention of his current conviction. As discussed in the Report, it appears that this complaint arises out of testimony that the defendant gave which led to the defendant's conviction and current incarceration. The plaintiff does not contest this assertion in his objections. Under *Heck*, causes of

action seeking monetary damages attributable to a conviction or sentence and raising challenges that necessarily would implicate the validity of a plaintiff's sentence do not accrue until that conviction or sentence is reversed, expunged, or declared invalid. *Id*. at 486-87. Since the plaintiff has failed to establish that his conviction has been reversed, expunged or declared invalid by a state court, and no federal writ of habeas corpus has been issued and to the extent that plaintiff claims that the allegations of libel and slander make his conviction improper, this matter must be dismissed.

For a § 1983 claim, a plaintiff must allege an action under color of state law. *See* 42 U.S.C. § 1983. State action is present if conduct allegedly causing deprivation of a federal right may be fairly attributable to the state. *West v. Atkins*, 487 U.S. 42, 49-50 (1988). Under *American Mfrs Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999), a two-factor test determines "fair attribution." First, the deprivation must be caused by an exercise of right or privilege created by statute or by rule of conduct imposed by the state or by a person for whom the state is responsible. *Id*. Second, the party charged with the deprivation must be a state actor, i.e., is a state official, has acted together with a state official, has obtained significant aid from state official, or the conduct is otherwise attributable to the state. *DeBauche v. Trani*, 191 F.3d 499, 506-07 (4th Cir. 1999) (private action must have a sufficiently close nexus with the state). The plaintiff has not alleged in his complaint that the defendant is a state actor.

A § 1983 cause of action does not allow the recovery of damages against a private party for testimony in a judicial proceeding. *Briscoe v. LaHue,* 460 U.S. 325 (1983). "The common law absolute immunity from subsequent damages liability for all persons--governmental or otherwise--who were integral parts of the judicial process. Section 1983 does not authorize a damages claim against private witnesses." *Id*.

3

Even if the defendant did not testify at trial against the plaintiff, the complaint should still be dismissed. An alleged defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983. *Paul v. Davis*, 424 U.S. 693, 697-610 (1976) (reputation alone does not implicate any "liberty" or "property"" interests sufficient to invoke the procedural protection of the due process clause, and something more than simple defamation by the state official must be involved to establish a claim under section 1983.).

## **Conclusion**

After a review of the case law and record before it, the Court adopts the Report and Recommendation of the Magistrate Judge, incorporates it herein by reference, and overrules plaintiff's objections. For the reasons stated therein and in this order this case is **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

                                        s/ R. Bryan Harwell
                                        R. Bryan Harwell
                                        United States District Judge

August 8, 2005
Florence, SC